**BOARD OF COUNTY COMMISSIONERS OF FREMONT COUNTY, WYOMING, Appellant (Defendant),**

v.

**MEMORIAL HOSPITAL OF NATRONA COUNTY, WYOMING, Cardiopulmonary Services, P.C., and Wyoming Neurosurgical Associates, P.C., Appellees (Plaintiffs).**

No. 83–116.

Supreme Court of Wyoming.

June 18, 1984.

Judith Anne Patton, Deputy County Atty., Fremont County, Lander, for appellant.

Richard L. Williams, of Williams, Porter, Day & Neville, P.C., Casper, for appellees.

Before ROONEY, C.J., and THOMAS, ROSE, BROWN and CARDINE, JJ.

ROONEY, Chief Justice.

A prisoner in the Fremont County jail sustained a head injury from a fall. He received emergency medical care in a Fremont County hospital, but was transferred to appellee hospital where he received extensive treatment. Appellant refused to pay appellees for such treatment, and appellees brought this action to force payment. The parties stipulated as to some of the facts, and both sides filed motions for summary judgment. Affidavits of representatives of each appellee and of the treating physician were filed in support of appellees' motion. Appellant's motion was denied, and appellees' motion was granted. Appellant contends that the trial court erred in its interpretation of § 18–6–303, W.S.1977 [1] and in its findings of fact.

We affirm.

Appellant contends that the words "necessary medical attendance" in § 18–6–303 are ambiguous and that

"* * * the statute only comtemplates emergency care and that additional or prolonged care is not and was not contemplated by the legislature."

It argues that

"* * * the legislature intended that the sheriff provide emergency care; follow-up care being the responsibility of the patient or prisoner. * * *"

---

1. Section 18–6–303, W.S.1977, provides in pertinent part:

"The sheriff *shall* provide * * * necessary medical attendance and nursing and such other necessities for the welfare of the prisoners as the grand jury may recommend. Expenses thereof *shall* be audited and settled by the county commissioners as other general county expenses." (Emphasis added.)

It hypothesizes that otherwise the county may have to pay for medical services indefinitely and that such may extend over years.

■ The word "shall" in the statute mandates the designated action inasmuch as the context does not indicate otherwise. *Mayland v. State*, Wyo., 568 P.2d 897, 899 (1977). In the absence of ambiguity, the plain language of a statute controls its meaning. *Matter of Parental Rights of SCN, NAN*, Wyo., 659 P.2d 568, 573 (1983); *People v. Fremont Energy Corporation*, Wyo., 651 P.2d 802, 807 (1982). As recognized by appellant:

> " 'In construing statutes, the presumption is that the legislature aims to enact legislation that is reasonable and logical. *Department of Revenue and Taxation v. Irvin[e]*, 589 P.2d 1295, 1298 (WY. 1979) * * *.' "

■ The words "necessary medical attendance" are not ambiguous as contended by appellant. To be ambiguous they must be " 'obscure in [their] meaning, because of indefiniteness of expression, or because a double meaning is present.' " *Amoco Production Company v. Stauffer Chemical Company of Wyoming*, Wyo., 612 P.2d 463, 465 (1980), quoting from *Bulis v. Wells*, Wyo., 565 P.2d 487, 490 (1977). The word "necessary" is a relative word, but its meaning is not obscure. The determination of that which is necessary is one of fact. The factual situation in any given case may designate that which is necessary, and that which is necessary may vary from case to case. However, the word does not have a double meaning. A 300-pound rabbit may be described as big, and a 10-ton elephant may also be described as big. Thus, the word "big" is relative, but it cannot be said to be ambiguous in its characterization of the rabbit or of the elephant.

Appellant contends that it was not the legislative intent to place such a large onus for medical attention on the county. We repeat: we can look only to the plain words of the statute for legislative intent absent ambiguity. If a change is warranted, it should be accomplished legislatively and not judicially.

Although not argued by appellant in so many words, in truth, it is urging us to find a summary judgment to be improper inasmuch as there is an issue of a material fact, i.e., was the medical attention and nursing afforded to the prisoner reasonably necessary?

We would accede to such urging and find a material fact issue in the determination of whether or not the treatment was "reasonable" if appellant had demonstrated the potential for submitting evidence to counter the potential evidence which appellees set forth in the affidavits in support of their motion for a summary judgment.

■ Rule 56(c), W.R.C.P., provides in pertinent part that:

> " * * * The judgment sought [by a motion for summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * * "

We have held that a party cannot rely on the allegations of his pleadings to demonstrate a genuine issue of fact, *Apperson v. Kay*, Wyo., 546 P.2d 995, 996 (1976), and where there is competent evidence presenting a prima facie case, the party opposing a summary judgment motion must affirmatively set forth competent and material opposing facts, *Cantonwine v. Fehling*, Wyo., 582 P.2d 592, 598 (1978).

> " * * * [I]f allegations of the complaint are controverted by affidavits and other evidence tending to show the allegations are not true, it thereupon becomes incumbent upon plaintiff to set forth 'specific facts' in opposition, if plaintiff's contention (or allegations of the complaint) are to remain a genuine issue of fact for trial. * * * " *In re Wilson's Estate*, Wyo., 399 P.2d 1008, 1009 (1965).

Conversely, if allegations of the complaint are supported by affidavits or other evi-

dence, it thereupon becomes incumbent upon the defendant to set forth in affidavit, deposition, etc., "specific facts" in opposition thereto in order to prevent a motion for summary judgment on the basis of the existence of a genuine issue of material fact.

■ In this case, the only affidavits, depositions, answers to interrogatories or admissions on file were the affidavits filed by appellees. The affidavit of the treating physician, Dr. Philip P. Gordy, a neurosurgeon, recites the injury to the prisoner, the extent of the injury, and the critical nature of the injury. A hospital discharge summary was an exhibit to the affidavit. It reflected the injury to consist of "a massive right epidural hematoma with hemorrhage extending under the right temporal lobe and involving also the right parietal occipital region." A right frontoparietal craniotomy was performed with evacuation of the hematoma. The affidavit recited that, in the medical opinion of Dr. Gordy, all of the care supplied to Mr. Frazier and the length of stay in the hospital were absolutely necessary to the treatment and survival of the patient.

Since there was no other information in the record relative to the necessity of the medical attention and nursing, the trial court could properly find that there was no genuine issue as to the fact.

Appellant suggests that Dr. Gordy's statements in this respect are only "conclusions." The recitation of the injury and its treatment are not conclusions. These basic facts are those upon which the ultimate fact of reasonable necessity must be decided. Appellant did not counter such with affidavits, etc., to indicate the potential of evidence to the contrary. In other words, the court was not properly informed that there would be an issue over the necessity of the medical attention and nursing.

The purpose of a motion for summary judgment is not to decide the facts but to determine if any real issue exists. *Kimbley v. City of Green River*, Wyo., 642 P.2d 443, 446 (1982); *Timmons v. Reed*, Wyo., 569 P.2d 112, 116 (1977).

In summary, § 18–6–303 is plain in directing payment by the county commissioners for necessary medical attendance and nursing for prisoners. That which is necessary is a question of fact. The affidavits in support of appellees' motion for summary judgment reflected that evidence would be submitted to support the reasonable necessity of the medical attention and nursing furnished to the prisoner in this instance. Appellant did not submit any affidavits, etc., to indicate the existence of potential evidence to the contrary. The summary judgment was proper.

Affirmed.