Keith CONWAY, Appellant (Plaintiff),

v.

GUERNSEY CABLE TV, Appellee (Defendant).

No. 85–195.

Supreme Court of Wyoming.

Feb. 5, 1986.

Robert T. Moxley, Wheatland, for appellant.

Stephen N. Sherard, Wheatland, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

This is an appeal from a summary judgment entered in a negligence action. We must decide whether or not the trial court properly granted the motion. We affirm.

On November 5, 1984, Keith Conway, the appellant, and Marion Conway filed a complaint in justice court against Guernsey Community Cable Television, the appellee. The Conways alleged that appellee negligently installed a cable television line at their home, which negligent installation was the cause of the damage to their television set and other property during an electrical storm. Specifically, the Conways claimed that appellee failed to ground the cable properly, thus making it possible for lightning to pass through the cable line.

Appellee filed its answer generally denying the Conways' claim and affirmatively pleading that any damage to the Conways' property from lightning could not have been prevented by appellee and that the damage was caused by an act of God. On December 17, 1984, appellee also filed a motion for summary judgment and a supporting affidavit which stated that there was no way of preventing lightning from damaging a television set other than by unhooking the cable and pulling the plug; that regardless of the groundings made, lightning could still pass through the cable and damage the television set; and that any damage done was beyond the control of appellee.

The Conways did not file opposing affidavits. The justice of the peace granted appellee's motion for summary judgment at a hearing held on February 19, 1985.

Appellant appealed to the district court on March 1, 1985. In affirming the judgment of the justice of the peace court, the district court noted:

" * * * [T]he justice of the peace concluded that there was no genuine issue of fact. The affidavit of defendant sets forth a legitimate defense to the allegation of negligence; it was not traversed; there was nothing left for the justice of the peace to consider.

"The court is unable to supply an issue of fact based simply upon the complaint or oral arguments at this level; therefore, the judgment of the justice court is affirmed."

Appellant now contends the summary judgment was improper in that (1) the affidavit supporting appellee's motion failed to show there was no genuine issue of material fact; (2) the trial court should not grant a motion based on expert testimony, particularly in a negligence action; and (3) the affiant was not qualified to give an expert opinion.

We have repeated the general standards governing appellate review of summary judgments countless times. *Rompf v. John Q. Hammons Hotels, Inc.,* Wyo., 685 P.2d 25 (1984); *Schepps v. Howe,* Wyo., 665 P.2d 504 (1983). We see no reason to reiterate all of them again in this opinion. We do, however, find one such standard worthy of repeating for the purposes of this case. Rule 56(e), W.R.C.P., provides in part:

" * * * When a motion for summary judgment is made and supported as provided in this rule an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond summary judgment, if appropriate, shall be entered against him."

Although under this rule appellant was not required to respond by affidavit, it is clear that he cannot rely on mere allegations and pleadings, but must affirmatively set forth material opposing facts. *Murray First Thrift & Loan Company v. N-C Paving,* Wyo., 576 P.2d 455 (1978). All appellant had to do was file an opposing affidavit alleging the procedure appellee should have followed in order to prevent the lightning from passing through the cable tele-

vision line. Because he failed to submit any material indicating the existence of potential evidence contrary to that presented by appellee, summary judgment was proper. *Board of County Commissioners of Fremont County, Wyoming v. Memorial Hospital of Natrona County, Wyoming,* Wyo., 682 P.2d 334 (1984).

In support of appellant's claim that the trial court should not have considered expert testimony, he cites *Mealey v. City of Laramie,* Wyo., 472 P.2d 787 (1970). We are unable to see how that case supports his position. In Mealey, we expressly noted that although summary judgment is not usually appropriate when the court must rely on expert testimony, it is proper when the showing made by the movant is sufficient and uncontroverted. As indicated above, in the present case appellant made no attempt to respond to appellee's motion, by affidavit or otherwise. We find appellant's argument unpersuasive and, therefore, summary judgment was appropriate.

We agree with appellant that issues of negligence are not ordinarily appropriate for summary adjudication. *Keller v. Anderson,* Wyo., 554 P.2d 1253 (1976); *Gilliland v. Steinhoefel,* Wyo., 521 P.2d 1350 (1974); *Forbes Company v. MacNeel,* Wyo., 382 P.2d 56 (1963). However, where the record fails to establish an issue of material fact, the entry of summary judgment is proper, even in a negligence case. *Keller v. Anderson,* supra. Having reviewed the record, we find summary judgment appropriate in this case, there being no controverted issue of material fact.

Appellant's final contention that the trial court should not have considered appellee's affidavit because it did not show that the affiant was qualified to give an expert opinion and, therefore, violated Rule 56(e), W.R.C.P.,[1] is also without merit. It is well established that a party must move to strike an affidavit which violates Rule

---

1. Rule 56(e), W.R.C.P., provides in part:
   *"Form of affidavits; further testimony; defense required.*—Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. * * * "

56(e); if he fails to do so, he will waive his objection, and, in the absence of a gross miscarriage of justice, the court may consider the defective affidavit. 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2738 (1983). The record in the present case is devoid of any objection or motion to strike the affidavit on the ground that it violated Rule 56(e). Clearly, such an objection or motion to strike presented for the first time on appeal comes too late. Wright, Miller & Kane, supra. For these reasons and because we do not find a gross miscarriage of justice under the facts of this case, we hold that the trial court did not err in considering the affidavit.

Appellee having carried the burden of demonstrating that there is no material issue of fact, it was entitled to summary judgment.

Affirmed.