**FRIEDEN CONSTRUCTION, INC.,**
Appellant (Defendant),

Neosho Construction Co., Inc. and the Western Railroad Properties, Inc.,
(Defendants),

American Insurance Company and Fireman's Fund Insurance Company,
(Third–Party Defendants),

v.

**LOWER & COMPANY,**
Appellee (Plaintiff),

Western Railroad Properties, Inc.,
(Third–Party Plaintiff).

No. 87–269.

Supreme Court of Wyoming.

Dec. 15, 1988.

Douglas G. Madison and John E. Masters of Dray, Madison & Thomson, P.C., Cheyenne, for appellant.

Harold E. Meier of Schwartz, Bon, McCrary & Walker, Casper, for appellee.

Before CARDINE, C.J., and THOMAS and URBIGKIT, JJ., and BROWN,* and ROONEY, JJ., Retired.

URBIGKIT, Justice.

This appeal is a factually simple controversy involving compensation to appellee on a 1983 quantities dirt moving sub-contract for construction of a new railroad line for Western Railroad Properties, Inc. (Chicago and Northwestern Railroad) in the Lusk, Wyoming area. Summary judgment in the claimed amount plus interest was granted to the dirt contractor, and appeal is taken contesting both the amount allowed in judgment and right to accrued interest.

We affirm.

Stripped of the complexities of prior parties to the litigation and the panorama of changed attorneys, this court is invited to consider a contract entered into by Lower & Company (appellee) as an earth moving sub-sub-contractor for work completed in 1984 for Frieden Construction, Inc. (appellant), which served as a general sub-contractor on the railroad line construction project. Although appellant[1] presents a somewhat complex argument involving defenses to the judgment, the issue, simplistically stated, is whether the trial court erred in the grant of summary judgment in a defined amount for amounts due on the written contractual services agreement with interest. After a course of pleadings which had originally involved the owner, the general contractor and the sureties, the case came to the trial court for a pretrial pursuant to an order for pretrial conference filed April 17, 1986. The pretrial order required pretrial memoranda by the litigants, as well as a joint pretrial submission to be filed in advance. Appellee submitted a pretrial memorandum in proper detail and appellant failed to favor the trial court with any memoranda or other documentation required by the convening order. The file to that date indicated a quantities controversy.

With this state of the record, the trial court entered an order in lieu of pretrial conference which required appellant to produce contractual documents and a cross-section of the final survey so that a determination could be made of dirt quantities moved pursuant to the contract. In the event there was no final cross-section available, appellant's defense data pertaining to the amounts was requested in order for appellant to show errors, if any, in appellee's tally sheet.

Thereafter, pursuant to the order, appellant furnished cross-section details as contained within a May 16, 1986 letter from a surveyor.[2] Appellee promptly moved for summary judgment based upon the contractual documents and the newly furnished cross-section data which established the quantities covered in its roadbed construction activities. In support of the motion for summary judgment, an affidavit of Harold Lanham, as the treasurer and an officer of Lower & Company and who had been designated as a prospective witness in

---

* Retired June 30, 1988.

1. Present counsel for appellant is not the law firm originally involved.

2. By whom this surveyor, Vogel Surveyors, Inc., was employed is undisclosed, but the letter was addressed to the attorney for appellant and then delivered to the attorney for appellee pursuant to the court order. Undoubtedly, the same detail was used by appellee for its billing purposes with Neosho Construction Co., Inc., which had the general contract with Chicago and Northwestern Railroad.

the prior pretrial memorandum, was submitted. A brief in support of summary judgment was also furnished as supported by an affidavit filed a few days later by another company employee. Appellant provided the trial court no affidavits to even contest its cross-section analysis, which established the balances due or the amount of those balances as had been computed in appellee's affidavits. Lacking resistive affidavits, the hearing, as convened on summary judgment, resulted in a summary judgment for the plaintiff as appellee and interest based in computation on the cross-section and prior billing for the amount claimed to be due since work completion in 1984.[3]

In challenging the summary judgment, appellant essentially raises procedural contentions which fail by virtue of non-presentation to the trial court.

▮ 1. The affidavit of Warren Ash as not showing proper service. Our decision in the case of *Matter of the Estate of Obra*, 749 P.2d 272 (Wyo.1988) is dispositive since the affidavit was clearly considered by the trial court without objection and no objection on lack of service was made at the regularly convened hearing. *Conway v. Guernsey Cable TV*, 713 P.2d 786 (Wyo.1986). The affidavit was timely filed and at issue was the lack of mailing certificate or effect of an incomplete certificate attached to the accompanying brief.

▮ 2. Insufficiency in the form of the affidavit of treasurer, Harold Lanham. Appellant tries hard, but fails to find for us within the affidavit where the witness, who had been previously designated as an officer of the company, improperly computed or defined a specific amount stated to be due and payable. A minimum attack on the affidavit would require notice by hearing date and preferably by contesting evidence.[4] *Conway,* 713 P.2d 786.

A contention is found in present argument of appellant that in fact the price per yard should have been computed at a rate of .85 cents per cubic yard east of Lusk and .95 cents per cubic yard west of Lusk, rather than the charged total of $.85 and $.95. This argument is ingenious in that it was apparent from billing computation and common reasoning that the parties recognized the latter figure properly reflected the agreed compensation base for the earth work involved. The difference of one hundred times was significant. Furthermore, if appellant desired to raise this issue as a question of fact as indicating a different contention from what was contemplated by the pretrial order, the issue properly required affidavit support in advance of the pretrial hearing. Logically, such support could include comparison with compensation paid to appellant by Neosho with whom it had its subcontract. Affiant Lanham had provided as evidence of a total amount in his affidavit:

3. That your affiant, in connection with his duties on behalf of Lower & Co., received the daily time tally sheets, calculated the amounts paid on invoices submitted, and calculated the balance due under the contract.

4. That subsequent to the commencement of this litigation your affiant was furnished with the figures and calculations of Mr. Ronald Vogel, engineer and surveyor, who calculated the quantities of earth work done, and that accepting

---

3. The motion for summary judgment was set for hearing on August 18, 1986. Although original counsel for appellant filed a motion thereafter on September 3, 1986 to withdraw for failure of cooperation, original counsel approved the judgment as to form as entered on October 17, 1986. The subsequent delay in appearance of the case here is occasioned by cross-claims by the other parties causing an initially aborted appeal, as now reasserted after other matters in litigation had been settled.

4. The judgment was prepared on October 16, 1986 and approved as to form by attorney for appellant and filed October 17, 1986. On October 24, 1986, appellant moved for a new trial and that findings of fact and conclusions of law be furnished. First then on December 8, 1986, a representative of appellant filed an affidavit contending a dispute as to liability and amount of damages. This dispute neither challenged the cross-section analysis nor the dollar basis for computation, which was the premise of the previously entered judgment. The motion for a new trial was promptly denied and its denial is not presently presented as an issue upon which appeal is premised.

Mr. Vogel's calculation as true and correct, your affiant has prepared a total amount due under the contract, including the items of equipment as shown on the invoice. That the total amount due Lower & Co. as of the date of this affidavit, including interest, is the sum of $213,106.98.

Attached to the affidavit as Exhibit F was the surveyor's letter as the cross-section determination from which the computation was made.

█ Not only do we find that the trial court had a proper basis for the acceptance of the computed total based on the evidence furnished without resistance of conflicting fact, but also the computation accorded a status for which interest from the date due was properly then included in the judgment total. *Rissler & McMurry Co. v. Atlantic Richfield Co.*, 559 P.2d 25 (Wyo. 1977). We concur with appellee that the case is a simple one not involving complex issues. Without opposing affidavits to contest balances due, the trial court was justified in entry of summary judgment and properly included interest for the liquidated claim. *Jones Land and Livestock Co. v. Federal Land Bank of Omaha*, 733 P.2d 258 (Wyo.1987).

The decision of the trial court is affirmed. We decline to find no reasonable cause for appeal against appellant only because present counsel for appellant did not make the record with which they are faced as successor attorneys.

ROONEY, Retired Justice, dissenting.

I disagree with the majority opinion only wherein it fails to hold that the district court had before it a genuine issue of material fact concerning the agreed upon price per yard for moving its dirt. I would reverse and remand on this aspect.

The majority opinion notes that the valuation of the amount claimed was contained in an affidavit and was computed at the rate of $0.85 and $0.95. However, the contract itself was before the court, both parties accepted it as the foundation for the action, and it provided the rate to be .85 cents. Thus, there was a direct conflict on the material fact as to the agreed upon rate. Accordingly, the conclusion by the majority of the court that the parties "recognized" or intended the rate to be that contended by appellee is not proper on review of a summary judgment.

Additionally, a search for the intent of the parties in this case should more properly be a search for grounds upon which to reform the contract on the basis of mistake. We have often said that we will not rewrite contracts under the guise of interpretation, and that resort to interpretation is never to be had where meaning is free of doubt. *Arnold v. Mountain West Farm Bureau Mutual Ins. Co., Inc.*, 707 P.2d 161 (Wyo.1985); *Adobe Oil & Gas Corp. v. Getter Trucking, Inc.*, 676 P.2d 560 (Wyo. 1984); *Rainbow Oil Co. v. Christmann*, 656 P.2d 538 (Wyo.1982); *McCartney v. Malm*, 627 P.2d 1014 (Wyo.1981); *Wyoming Machinery Co. v. U.S. Fidelity and Guaranty Co.*, 614 P.2d 716 (Wyo.1980); *Quin Blair Enterprises, Inc. v. Julien Const. Co.*, 597 P.2d 945 (Wyo.1979); *Laird v. Laird*, 597 P.2d 463 (Wyo.1979); *Matter of Kimball's Estate*, 583 P.2d 1274 (Wyo.1978). This contract is not ambiguous but is plain and clear in expressing the rate. An ambiguous contract is one which is obscure in its meaning because of indefiniteness of expression or because a double meaning is present. *Busch Development, Inc. v. City of Cheyenne*, 645 P.2d 65 (Wyo.1982); *Amoco Production Co. v. Stauffer Chemical Co. of Wyoming*, 612 P.2d 463 (Wyo.1980); *Bulis v. Wells*, 565 P.2d 487 (Wyo.1977).

If the rate expressed in the contract is inaccurate because of a mistake, the court can be requested to reform it. The fact of mistake and the nature of it may result in a reformation of the contract upon presentation of the proper evidence to the factfinder. See Restatement (Second) of Law of Contracts, Ch. 6, § 151 et seq. (1981); Calamari and Perillo, Contracts 3d Ed., § 9–25 et seq (1987). But this issue is not before us on our review of the propriety of the summary judgment.