**Robin STUNDON, Appellant (Plaintiff),**

**v.**

**Dave STERLING, Greg Barry, Gary Krause, and Abel Rivera, Appellees (Defendants).**

**No. 87–12.**

Supreme Court of Wyoming.

May 6, 1987.

Philip P. Whynott and Linda Steiner Lewis, Cheyenne, for appellant.

Glenn Parker and James Applegate of Hirst & Applegate, Cheyenne, for appellees.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Chief Justice.

The district court granted summary judgment to defendants, co-employees of plaintiff, in this suit alleging culpable negligence. We will affirm.

In this case, Robin Stundon was injured when the brake system on a school bus she was driving failed, and the bus rolled down an incline into another school bus. Thereafter, she brought suit claiming that the mechanics who service the buses were culpably negligent in that they knew that the parking brake needed adjustment, had failed to repair the brake, and yet allowed her to drive the bus. On November 26, 1986, the district court granted summary judgment in favor of defendants, co-employees of plaintiff. On appeal, appellant claims that a genuine issue of material fact as to culpable negligence exists which precludes granting of a summary judgment.

Because Ms. Stundon was covered by worker's compensation, she may recover against her co-employees only if she shows that they were culpably negligent. § 27-12-103, W.S.1977. This court has said that culpable negligence is "willful and serious misconduct." *Barnette v. Doyle*, Wyo., 622 P.2d 1349, 1362 (1981). See also, *Bettencourt v. Pride Well Service, Inc.*, 735 P.2d 722 (Wyo., 1987). "In order to prove that an actor has engaged in willful misconduct, one must demonstrate that he acted with a state of mind that approaches intent to do harm." *Bryant v. Hornbuckle*, Wyo., 728 P.2d 1132, 1136 (1986), citing Prosser and Keeton on Torts § 34 (5th ed. 1984).

This court's standard for reviewing the propriety of summary judgment is well established. *England v. Simmons*, Wyo., 728 P.2d 1137 (1986). The initial burden is on the movant to show that there is no genuine issue of material fact. *Fiedler v. Steger*, Wyo., 713 P.2d 773 (1986). Once that showing is made, it is incumbent upon the party opposing the motion to come forward with specific facts to show that there is a genuine issue of material fact. *Bettencourt v. Pride Well Service, Inc.*, supra; and *Bryant v. Hornbuckle*, supra. Conclusory affidavits are insufficient and specific facts must be shown. *Blackmore v. Davis Oil Company*, Wyo., 671 P.2d 334 (1983).

In this case, Ms. Stundon alleged in her complaint that the mechanics were culpably negligent in intentionally allowing bus No. 8 to be used, knowing that the parking brake was not in order. The defendants' affidavits, submitted in support of their motion for summary judgment, indicated that none of them knew that the parking brake was not working when Ms. Stundon took the bus. These materials are sufficient to meet the movant's burden and to make a prima facie showing that there is no genuine issue of material fact as to knowledge.

However, the affidavits presented by Stundon in opposition, which rely upon violations of statutory duties and school district regulations, are conclusory, lack specific facts, and thus do not meet her burden of showing there is a genuine issue of material fact as to culpable negligence.

Therefore, the trial court properly determined that there was no genuine issue as to culpable negligence, and the defendants are entitled to judgment as a matter of law.

Affirmed.