Earl L. WILLIAMS, Jr.,
Appellant (Plaintiff),

v.

Kerry C. BLOUNT and Albany County Pioneer Abstract Company, a Wyoming Corporation, Appellees (Defendants).

No. 87–36.

Supreme Court of Wyoming.

Aug. 21, 1987.

Earl L. Williams, Jr., Laramie, pro se, and Barkley R. Bonine, San Antonio, Tex., for appellant.

C.M. Aron of Aron and Hennig, Laramie, for appellees.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

Appellant, an attorney appearing pro se, sued to recover damages resulting from an alleged defamatory statement made by appellee Blount, and here appeals from a summary judgment in favor of appellees.[1] We affirm.

Appellee Blount is an officer of a title insurance company from which appellant ordered a lender's insurance policy for the sale of appellant's real estate. Occasioned by the buyer seeking purchase financing, appellees and a bank officer engaged in a business conversation about the desired title policy. It was during this conversation that the alleged defamatory statement was made. Appellee Blount was alleged to have told the bank officer, "We will not do any work for Earl Williams unless you guarantee payment because he is having financial difficulty." Dispute as to the exact words exists, but the message was unquestioned that the title insurance company wanted insurance-premium payment protection.

Summary judgment was granted by the trial court under Rule 56(c), W.R.C.P., and appellant here presents the following issues:

"1. Whether the trial court erred in granting summary judgment in favor of defendants on a finding that the defamatory utterance about financial difficulty of plaintiff was protected by a qualified privilege of mutual business interest, concluding therefore, as a matter of law defendant was entitled to summary judgment.

"2. Whether the trial court erred in granting a summary judgment in favor

1. Appellant is also before this court on a foreclosure contest, *Williams v. First Wyoming Bank N.A., Laramie,* No. 87–105, filed April 15, 1987.

of defendants on a finding that the plaintiff bore the burden of proving the statement of defendant was false and failed to do so, concluding therefore, as a matter of law defendant was entitled to summary judgment.

"3. Whether the trial court erred in granting a summary judgment in favor of defendants on a finding that there was no showing of malice in the defendant's statement about the plaintiff's financial condition, concluding therefore, as a matter of law defendant was entitled to summary judgment."

Finding that the trial court correctly concluded that the utterance in question was immunized as conditionally privileged communication, we answer the first issue in the negative, thus disposing of the need to treat with the remaining issues, although appellant's third issue is dealt with automatically by the nature of the first issue. A separate issue raised by appellees about denial by the litigant of discovery of appellant's financial status, as well as a belated filing of appellant's brief, also will not be addressed.

" 'When a motion for summary judgment is before the supreme court, we have exactly the same duty as the district judge; and, if there is a complete record before us, we have exactly the same material as did he [or she]. We must follow the same standards.' " *Tschirgi v. Lander Wyoming State Journal*, Wyo., 706 P.2d 1116, 1117 (1985), quoting from *Reno Livestock Corporation v. Sun Oil Company (Delaware)*, Wyo., 638 P.2d 147, 150 (1981).

The standards to be followed are established in the six-stage analysis of a summary judgment in *Cordova v. Gosar*, Wyo., 719 P.2d 625, 634 (1986). This case enters the Gosar analysis at stage five: legal-issue disposition.

"This stage resolution involves interpretation of unambiguous contracts, suits on rationally uncontested promissory notes, and a variant kind of circumstance where the facts are not in dispute but the legal

principles are otherwise at issue." 719 P.2d at 636.

■ In this case, in assuming the accuracy of appellant's contention as to the text of the questioned comment, we do not find an issue of fact involving the statement made or business interests involved.[2]

1. *Moving Party is Entitled to a Judgment as a Matter of Law*

Analysis begins with the trial court's conclusion that appellees were entitled to judgment as a matter of law as a relevant facts inquiry. What is libel or slander as a matter of law is wholly dependent on the surrounding circumstances and the subject matter of the communication. The acceptance of a conditionally privileged communication was established nearly a half century ago:

" 'In those cases where one person has an interest in the subject matter of the communication and the person to whom the communication is made has a corresponding interest, every communication honestly made in order to protect such common interest is privileged by reason of the occasion.' " *Sylvester v. Armstrong*, 53 Wyo. 382, 84 P.2d 729, 732 (1938), quoting from Newell, Slander & Libel § 432 (4th ed.).

A similar case involving the subject rule is *Lull v. Wick Construction Company*, Alaska, 614 P.2d 321 (1980). See also Prosser and Keeton on Torts § 115, pp. 828–830 (5th ed. 1984) and *Foothill Industrial Bank v. Mikkelson*, Wyo., 623 P.2d 748 (1981).

■ The subject matter of the communication in this case was a routine business transaction in which both parties had a pecuniary interest. See Restatement of Torts 2d § 596 (1986); Hansen, Libel and Related Torts § 126, p. 97 (1969). Under the doctrine of conditionally privileged communication, an absence of malice is presumed; malice on the part of a defendant must be established by a plaintiff.

"The communication in such case will, prima facie, be considered as having been

---

2. In the Wyoming economy of today, the critique of "having financial difficulty" is infre-

quently noteworthy and seldom untrue.

made in good faith—i.e., without malice, and the burden of proving the existence of malice is cast upon the person claiming to have been defamed." *Sylvester v. Armstrong,* 84 P.2d at 733.

Malice is a necessary element to move the communication out from under the protective doctrine of conditionally privileged communication. The lower court concluded there was no malice.

"' * * * [I]t is within the power and duty of the court to say as a matter of law that the motive of the [communication] was without malice.'" Id. 84 P.2d at 734, quoting from *Williams v. Standard-Examiner Pub. Co.,* 83 Utah 31, 27 P.2d 1, 17 (1933).

Given the framework of a conditionally privileged communication, an absence of malice entitles the defendant to judgment as a matter of law. *Phifer v. Foe,* Wyo., 443 P.2d 870 (1968); *Tschirgi v. Lander Wyoming State Journal,* supra, 706 P.2d 1116.

### 2. *No Genuine Issue of Material Fact*

Stage six, *Cordova v. Gosar,* supra, 719 P.2d at 636, concerns the substantive sufficiency of responsive affidavits. The plaintiff must "come forward with 'specific facts showing that there is a *genuine issue for trial.*'" Id. at 636. Here, the plaintiff must come forward with specific evidence of malice or facts which allow an inference of malice in order to preclude judgment as a matter of law that libel or slander did not result from the utterance.

"When a party opposes a motion for summary judgment, it cannot simply rely on its allegations and pleadings, but must affirmatively set forth material opposing facts." *Murray First Thrift & Loan Co. v. N–C Paving,* Wyo., 576 P.2d 455, 457 (1978).

Appellees' brief in support of appellant's motion for summary judgment argued that as a matter of law summary judgment for appellees was proper upon three offered bases, privilege being the first of the three. Because appellant argued in opposition to summary judgment that "common interest doctrine" (conditionally privileged communication) was nonexistent, appellant did not allege or demonstrate the facts necessary to infer malice. See *Phifer v. Foe,* supra.

"This court looks at the record from the viewpoint most favorable to the party opposing the motion, giving to him all favorable inferences to be drawn from the facts contained in affidavits, depositions and other proper material appearing in the record." *Reno Livestock Corporation v. Sun Oil Company (Delaware),* supra, 638 P.2d at 150.

When plaintiff fails to allege or demonstrate malice because of broader opposition to the lower court's acceptance of a conditionally privileged communication, we further look to the record for the facts needed to create a genuine issue as to a material fact sufficient factually to question the existence of that conditionally privileged communication. *Phifer v. Foe,* supra. See also *Carter v. Davison,* Wyo., 359 P.2d 990 (1961).

A review of appellant's affidavit, containing the "Facts Opposing Summary Judgment," reveals no material facts negatively placing in issue that existence of a conditionally privileged communication. Appellees wanted to be assured of payment for a service to be rendered. The business relationship was not called into dispute by the responsive affidavit nor the right of the insured to seek assurance of prompt premium payment. Also undenied was the affidavit statement of appellees delineating prior difficulty in collecting payments promptly from appellant and ultimate collection of the involved insurance premium by a collection bureau lawsuit.

This court is left to conclude that the communication within its business relationship was conditionally privileged, and that as a matter of law, in the absence of any evidence of malice, see *Tavoulareas v. Piro,* 817 F.2d 762 (D.C.Cir.1987), no genuine issue of material facts exists, and summary judgment was appropriate. *Sylvester v. Armstrong,* supra.

Affirmed.