**Leslie Jan PACE and Wanda Mae Pace, Appellants (Plaintiffs),**

v.

**Les HADLEY, Barry Rochford, Mike Cheney, Mahlon Grubb, Berl Trafton, John W. Coykendall, Julius Jones, Dave Thomas, Chuck Maggio, Chuck Wilkinson, and Ken Bigler, Appellees (Defendants).**

No. 87–130.

Supreme Court of Wyoming.

Sept. 22, 1987.

Rehearing Denied Oct. 13, 1987.

W. Keith Goody of King & Goody, Jackson, for appellants.

Patrick R. Day, Cheyenne, and Hugh Q. Gottschalk and Harry Shulman, Denver, Colo., for appellees.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

MACY, Justice.

Plaintiffs Leslie Jan Pace and Wanda Mae Pace (appellants herein) filed suit alleging negligence and culpable negligence on the part of defendants (appellees herein), who were co-employees of Mr. Pace at FMC Wyoming Corporation. The district court entered an order granting summary judgment in favor of defendants.

We reverse and remand.

Mr. Pace was employed as a class A mechanic for FMC Wyoming Corporation at its trona mine located in Sweetwater County, Wyoming. On August 15, 1986, in the course of his employment while working with a drill press, Mr. Pace severed his left arm just below the elbow. He was attempting to enlarge the center hole in a cone nut. He had been holding a bolt with his left hand in order to keep the cone nut straight and manually was feeding the drill press with his right hand. During the drilling process, the bolt slipped out of his hand causing his left forearm to be pushed against the drill bit.

On November 13, 1986, plaintiffs filed a personal injury action against defendants, who had supervisory responsibilities concerning the safety of working conditions in the mine. Generally, this complaint alleged that defendants were responsible for the locking of a tool room holding necessary tools which, if used, would have prevented Mr. Pace's injuries. Also, on the same day the suit was filed, plaintiffs served defendants with interrogatories and requests for production.

On December 23, 1986, defendant Barry Rochford filed a motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6), W.R. C.P., or, in the alternative, a motion for summary judgment. Likewise, the remaining defendants filed a motion to dismiss pursuant to Rule 12(b)(6). Both of these motions were accompanied by memoranda and affidavits. In response to these motions, plaintiffs filed a memorandum in op-

position generally stating that inadequate discovery had occurred; therefore, argument at that time was impossible.

On February 9, 1987, the district court issued a decision letter announcing that it would convert the motions to dismiss filed by defendants into motions for summary judgment and allowed the parties until March 2, 1987, to file any additional affidavits or material in support of, or in opposition to, the motions. The next day, defendants filed a reply memorandum to plaintiffs' opposition to an order of dismissal and answered plaintiffs' first interrogatories and request for the production of documents. On February 26, 1987, plaintiffs filed a motion for continuance and opposition to the motion for summary judgment. Again, plaintiffs asked for additional time in which to make discovery and take depositions, and they alleged that it was absurd to require them to respond until such time as discovery had been completed.

On March 3, 1987, the district court converted both of defendants' motions to dismiss to motions for summary judgment and issued another decision letter stating that there were no *"genuine issues of material fact."* (Emphasis in original.) On March 17, 1987, an order was filed by the district court in favor of defendants granting them summary judgment. This appeal followed.

Plaintiffs raise the following issues:

"1) Did the District Court err in allowing the Rule 12(b)(6) motion to be converted to a Motion for Summary Judgment?

"2) Was the summary judgment improper because:

"a) there was a lack of a sufficient factual basis,

"b) genuine issues of material fact existed in the case, and

"c) [defendants] were not entitled to judgment as a matter of law?"

We need not specifically address these issues as we hold that plaintiffs were not allowed a reasonable time for discovery.

Defendants filed their respective motions to dismiss and, in one case, in the alternative, motion for summary judgment only 40 days after the initial complaint in this case was filed. These motions were filed before defendants had replied to plaintiffs' interrogatories and request for production of relevant documents. Despite being apprised by plaintiffs that there had been inadequate time for making discovery and gathering important facts in the case, the district court issued a decision letter allowing plaintiffs only 21 additional days in which to gather information and oppose such motions. While we recognize that defendants made affidavits, answers to interrogatories, and production of documents prior to the deadline set by the district court, this information provided plaintiffs with only the first stepping stones in fully developing their case or, more importantly, in opposing defendants' motions.

 Mr. Pace was covered under the Wyoming Worker's Compensation Act and may recover from his co-employees only if he shows that they were culpably negligent. Section 27–12–103, W.S.1977.[1] "This court has said that culpable negligence is 'willful and serious misconduct.'" *Stundon v. Sterling,* Wyo., 736 P.2d 317, 318 (1987). In order to prove that an actor has engaged in willful misconduct, it must be demonstrated that the actions were taken with a state of mind which approached intent to do harm. *Id.; Bettencourt v. Pride Well Service, Inc.,* Wyo., 735 P.2d 722 (1987). Also, it has long been recognized by this Court that:

"The initial burden is on the movant to show that there is no genuine issue of material fact. *Once that showing is made, it is incumbent upon the party opposing the motion to come forward with specific facts to show that there is a genuine issue of material fact. Conclusory affidavits are insufficient and specific facts must be shown."* *Stundon v. Sterling,* 736 P.2d at 318 (emphasis added and citations omitted).[2]

---

1. This section was amended and renumbered as § 27–14–104, W.S.1977, effective July 1, 1987.

2. Our analysis here does not address the question of the initial burden of production of evidence placed on the moving party by Rule 56,

Given the great burden placed upon plaintiffs to oppose both motions through the use of *specific facts*, ample time was not allowed for the development of the case through discovery.

In our view, the plain language of Rule 56, W.R.C.P.,[3] mandates the entry of summary judgment *only after* there has been adequate time for discovery. For summary judgment to be properly issued, it must be established that the facts are clear and that no further inquiry into the facts is necessary to clarify the application of the law. As stated in *Kimbley v. City of Green River*, Wyo., 642 P.2d 443, 445 (1982):

> "[T]he fact that a motion to dismiss is being converted into a motion for summary judgment must be made known to all counsel together with a reasonable opportunity being afforded to the non-moving party to present that which he considers necessary to rebut the contention of the moving party.
>
> " 'We do not hold that a notice to convert a [Rule] 12(b)(6) motion into a summary judgment must be by written order, but the record must adequately demonstrate that all counsel were aware of the intentions of the district judge to treat the motion as converted, *together with a reasonable opportunity afforded to the non-moving party to present, by way of affidavit or otherwise, anything necessary to rebut the contention of the moving party.*' " (Emphasis added and citations omitted.)

We are cognizant of the trial judges' laudable efforts to steward their dockets to the end that cases are disposed of in an expeditious manner. We also are aware that some trial judges have a tendency to prejudge cases and force settlement or summary disposition in their zeal to have a clean docket. A clean docket is not necessarily equated to justice. Attorneys must be given reasonable time to conduct meaningful and warranted discovery so that they may properly represent their clients.

Reversed and remanded to permit a reasonable time for the parties to conduct their desired discovery pursuant to the Wyoming Rules of Civil Procedure before further proceedings are initiated.

W.R.C.P. For the purposes of our discussion, we assume that the moving party has met initially the requisite evidentiary burden.

3. Rule 56, W.R.C.P., reads in applicable part: "(c) *Motion and proceedings thereon.*—The motion shall be served *at least* 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith *if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact* and that the moving party

is entitled to a judgment as a matter of law. * * *

\* \* \* \* \* \*

"(f) *When affidavits are unavailable.*—Should it appear from the affidavits of a party opposing the motion that *he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.*" (Emphasis added.)