In the Matter of the ESTATE OF Carl D. OBRA, Deceased.

Benita O. MACARAEG, Paulino Obra, Paciencia Obra, Paulina Baniqued, and Alejo Obra, Appellants (Petitioners),

v.

Margaret H. WILSON, Personal Representative, Appellee (Respondent).

No. 87–198.

Supreme Court of Wyoming.

Jan. 27, 1988.

Ron Arnold of McCartney & Arnold, P.C., Cheyenne, for appellants.

William A. Swainson, Cheyenne, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

This is an appeal from a will contest summary judgment by relatives of the decedent, Carl Obra, who devised his modest property, consisting primarily of a small dwelling, to Margaret H. Wilson, a friend who had been his employer.

Appellants state the issues as:

"1. Did the lower court commit error as a matter of law by allowing Appellee to file depositions nine days after hearing?

"2. Did the lower court commit error as a matter of fact by granting summary judgment in spite of Appellants' filed Affidavit?

"3. Did the lower court commit error as a matter of law by granting summary judgment on the count of undue influence?"

We find the summary-judgment procedure utilized to have been improper, but we affirm because the procedural irregularity was waived and no evidence of prejudice is demonstrated in the record.

## FACTS

Carl D. Obra, an immigrant from the Philippines, came to Cheyenne in 1927 and resided here since that year. He executed a will on March 17, 1976, which left his property to appellants:

"I give, devise and bequeath all of my property, real, personal and mixed unto the following persons or the survivors of them, share and share alike: Benita O. Macaraeg, Binalonan, Pangasinan, Philippines; Paulino Obra, Tacurong, Cotabato, Philippines; Paciencia Obra, Tacurong, Cotabato, Philippines; Paulina Baniqued, Barriao Lichauco, Tayug, Pangasinan, Philippines; and Alejo Obra, Tacurong, Cotabato, Philippines."

Subsequently, about four years after retirement in 1979 or 1980, he executed another will on July 12, 1984, revoking prior wills and leaving his property to Wilson, who was also designated to be the executrix. Shortly after signing this second will, decedent was diagnosed as having lung cancer and died June 4, 1985. A petition to admit the will to probate without administration was filed and granted, as then subjected to the present petition to revoke by appellants as surviving relatives who claim that they should inherit under the 1976 will, or alternatively by intestacy pursuant to § 2–4–101, W.S.1977, 1987 Cum.Supp.

Devisee Wilson first filed a motion to dismiss on October 1, 1985,[1] followed by a

---

1. Initially there was some question whether the appellants had standing to contest the will be-

motion for summary judgment on February 5, 1987 without accompanying affidavits or designation of existent depositions. The relatives filed their resistance to the motion, supported by the affidavit of Pat Vialpando, on June 10, 1987, predating the scheduled hearing date of June 15, 1987. The order of dismissal was signed June 24, 1987. The two depositions which had been taken by appellee on November 19, 1986, with both counsel participating in examination, were officially filed with the clerk of court as reflected by a filing stamp, on June 24, 1987,[2] which filing obviously occurred concurrently with the entry of the order. That order, in succinct and dispositive language provided:

"The above-entitled matter coming on before the Court on June 15, 1987, upon the motion of defendant for summary judgment,

"The Court examined the evidence introduced by the defendant which consisted of the depositions of Adolfo J. Torrez, Jr., M.D., and Joyce Fitzhugh and stipulation for deposition of Margaret Wilson.

"The Court examined the evidence submitted by the petitioners being an affidavit of Pat Vialpando.

"The Court having heard the arguments of counsel and being fully advised in the premises finds generally for the defendant and against the petitioners and determines there remains no genuine issue of fact for trial, and it is therefore hereby "ORDERED that the petition to revoke probate of the petitioners be, and it hereby is, dismissed with prejudice."

## SUMMARY JUDGMENT

The standards to be followed in regard to reviewing a summary judgment are established in the six-stage analysis in *Cordova v. Gosar*, Wyo., 719 P.2d 625, 639 (1986). See also *Williams v. Blount*, Wyo., 741 P.2d 595, 596 (1987).

Recently, this court in *Davenport v. Epperly*, Wyo., 744 P.2d 1110, 1112 (1987), outlined the six stages as:

" '1. Legal sufficiency of the complaint.

" '2. Procedural sufficiency of the motion for summary judgment and attached affidavits and deposition material.

" '3. Substantive sufficiency of the affidavits to initially support the motion.

" '4. Procedural sufficiency of responsive affidavits.

" '5. Substantive legal issue disposition.

" '6. Substantive sufficiency of responsive affidavits.' " Quoting from *Cordova v. Gosar*, supra, 719 P.2d at 634.

The first issue involves a Stage 2 analysis—the procedural sufficiency of the motion and attached affidavits. Clearly, Rule 56(c), W.R.C.P.,[3] Rule 6(d), W.R.C.P.,[4] and

cause as citizens of a foreign country they could not acquire real property in the state of Wyoming under § 2-4-105(a), W.S.1977 when the foreign country does not allow United States citizens to take real property by succession or testamentary disposition. It should be noted that Article XIV, Sec. 14 of the Constitution of the Republic of the Philippines provides:

"Sec. 14. Save in cases of hereditary succession, no private lands shall be transferred or conveyed except to individuals, corporations, or associations qualified to acquire or hold lands of the public domain."

A hearing was scheduled for October 17, 1985, but the parties were given 30 additional days each to establish their right to inherit and to rebut same. Apparently, no further action was taken on this motion.

2. While there is no transcript of the summary-judgment proceeding, it is clear from the order that the judge relied on the two depositions of appellee in making his decision, and it is likely that the judge had been presented the two depositions for his review on or before June 15, 1987 when the actual hearing was held.

3. "The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions *on file*, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." (Emphasis added.) Rule 56(c), W.R.C.P.

4. "A written motion, other than one which may be heard ex parte, and notice of the hearing thereof shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by these rules

Rule 302, Uniform Rules for the District Courts of the State of Wyoming,[5] envision that the supporting material be filed with the motion for summary judgment. Wyoming law requires that the supporting material *must be filed with* the motion for summary judgment. *Atlas Construction Company v. Slater*, Wyo., 746 P.2d 352 (1987); *Larsen v. Roberts*, Wyo., 676 P.2d 1046, 1047 (1984); *DeHerrera v. Memorial Hospital of Carbon County*, Wyo., 590 P.2d 1342, 1343 (1979); 6 Moore's Federal Practice, ¶ 56.14[1]; Wright & Miller, Federal Practice and Procedure: Civil § 2719. See *Hickey v. Burnett*, Wyo., 707 P.2d 741 (1985), for a case where the material supporting the district court's summary judgment ruling was not filed late but was simply never filed. Furthermore, an attorney cannot choose simply to ignore the Wyoming rules of civil procedure. We have held previously, and must reiterate most strongly, that compliance with these rules is mandatory, not optional. *Greenwood v. Wierdsma*, Wyo., 741 P.2d 1079 (1987). Additionally, a movant faced with this situation could have requested an enlargement of time for filing [6] or moved that the filing be permitted where the failure to act was the result of excusable neglect as outlined in Rule 6(b), W.R.C.P.[7] *Larsen v. Roberts*, supra, 676 P.2d at 1047–1048.

However, the record is devoid of any request by appellee for permission to file late.

"The Rules of Civil Procedure provide an orderly process for the determination of controversies. They are intended to provide notice to a party of the other's contentions, a fair opportunity to discover and develop the entire case and meet those contentions, and to avoid surprise —all to the end that a just result is more probable. To condone a practice which permits parties to simply ignore the rules will defeat their purpose. Thus, where the moving party, as in this case, has failed to comply, there is not often a reasonable justification for the failure. He is in control of the situation. He can file his motion for summary judgment at any time he chooses. Ordinarily he should not file it nor set it for hearing until it is ready to be heard. When he undertakes to do otherwise, and the decision is against him or the hearing must be vacated, he has only himself to blame." 676 P.2d at 1048.

Thus, we hold there was error in this procedure of accepting supporting depositions, filed late in rule contravention, as sufficient to sustain entry of summary judgment. *Matthews v. Wyoming Department of Agriculture*, Wyo., 719 P.2d 216 (1986).

---

or by order of the court. Such an order may for cause shown be made on ex parte application. *When a motion is supported by affidavit, the affidavit shall be served with the motion;* and, except as otherwise provided in Rule 59(c), opposing affidavits may be served not later than 1 day before the hearing, unless the court permits them to be served at some other time." (Emphasis added.) Rule 6(d), W.R.C.P.

5. "Discovery documents shall not be filed except:

    \*    \*    \*    \*    \*    \*

"(b) *At the time of filing a motion for summary judgment the movant shall designate and file* relevant portions of the discovery documents relied upon. The opponents of a summary judgment motion shall designate and file relevant discovery within the time allowed by Rule 56, W.R.C.P." (Emphasis added.) Rule 302, Uniform Rules for the District Courts of the State of Wyoming.

6. An enlargement of time must be requested "*before* the expiration of the period originally prescribed." (Emphasis added.) Rule 6(b),

W.R.C.P. Therefore, apparently in this situation, a request for enlargement of time to file made on the day of the hearing would still have been tardy.

7. "(b) Enlargement.—When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court, or a commissioner thereof, for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d) and (e), 60(b), 72.1, 73(a) and (g), and 75(b), except to the extent and under the conditions stated in them. (Rule 7, D.Ct.)" Rule 6(b), W.R.C.P.

■ There is no question in this case the proper procedure was not followed; however, our inquiry is whether this defect was waived by appellants. Objection to the trial court's consideration of the depositions in summary-judgment determination at the scheduled hearing is not presented to us by anything of record. Appellants could have objected at the summary-judgment hearing, moved to strike the depositions or deny their consideration, or asked for a continuance of the summary-judgment hearing. Lack of knowledge did not exist, since both counsel had participated in the noticed deposition inquiry on November 19, 1986 as used by movant appellee to secure the testimony of the decedent's doctor as well as of his long-time friend. *McCloud River Railroad Company v. Sabine River Forest Products, Inc.*, 735 F.2d 879, 882 (5th Cir.1984). Lacking any recorded action of appellant to object to the court's consideration of the depositions and responsive affidavit, any formal defects in filing schedule were waived.[8] *Davenport v. Epperly*, supra, 744 P.2d 1110.

The purpose behind filing evidentiary material supporting a motion for summary judgment is to give notice to the opposite party, as respondent, in order to afford a meaningful opportunity to challenge the submitted evidence. *Kimbley v. City of Green River*, Wyo., 642 P.2d 443, 445 (1982); *Jankovsky v. Halladay Motors*, Wyo., 482 P.2d 129 (1971); *CIA, Petrolera Caribe, Inc. v. ARCO Caribbean Inc.*, 754 F.2d 404, 409 (1st Cir.1985). Thus, when the movant does not file his material to support his motion, respondent is left without facts upon which a response can be engendered. We consider the sequence in this case: depositions taken November 1986; motion for summary judgment February, 1987; resistance to motion for summary judgment and attached affidavit of appellants filed June 10, 1987 being generally responsive to the earlier depositions; and then hearing held according to the scheduled assignment June 15, 1987 whereby objection to evidentiary consideration by the court of the depositions was not made. Objection to the court's examination of factual support or opposition to a motion for summary judgment first made on appeal, after consideration by the trial court without objection at the scheduled hearing is waived. *Conway v. Guernsey Cable TV*, Wyo., 713 P.2d 786 (1986). Prejudice to the interests of the respondent, in addition to waived objection, is also lacking. Cf. *Nation v. Nation*, Wyo., 715 P.2d 198 (1986); *Greaser v. Williams*, Wyo., 703 P.2d 327 (1985).

Considering the presented state of this record of a motion for summary judgment which was sufficiently supported at *hearing* to require response, the opposing affidavit of Vialpando also considered at hearing must be analyzed to determine whether a creditable conflict on a material issue of fact results. *Koontz v. Town of South Superior*, Wyo., 746 P.2d 1264 (1987).

## TESTAMENTARY CAPACITY

■ In *In re Morton's Estate*, Wyo., 428 P.2d 725 (1967), this court adopted the stan-

---

8. It is easy to understand what occurred at the summary-judgment hearing. Appellants' counsel had exposure to the depositions taken nearly nine months before, by participation and cross-examination. If he had made objections to consideration at the scheduled hearing, the session would undoubtedly have been recessed for 11 days or more, or the motion would have been denied with leave to refile to reset when the appropriate ten-day notice time had expired. Both parties were present for a substantive consideration and had available all evidence that they had found. Without a transcript of that session, the parties are confined by the record as reflected in the terminology of the written order of dismissal, approved as to form by appellant:

"The Court examined the evidence * * * which consisted of the depositions of Adolfo J. Torrez, Jr., M.D., and Joyce Fitzhugh and stipulation for deposition of Margaret Wilson. "The Court examined the evidence submitted by the petitioners being an affidavit of Pat Vialpando."

Since the stipulation for the deposition of Wilson is reflected but nothing further appears in the record, it must be assumed that that deposition was never taken, or if taken was never transcribed. The stipulation read:

"Plaintiffs by and through their attorney, * * * and Defendant Margaret Wilson, by and through her attorney * * * stipulate that plaintiffs may depose Margaret Wilson at the law office of Mr. Swainson at 10:00 a.m. on April 21, 1987 before a court reporter for purposes of discovery in accordance with the Wyoming rules of civil procedure."

dard of testamentary capacity formulated in 1 Bowe–Parker: Page on Wills, § 12.21, pp. 606–608 (1960):

"* * * Testator must have sufficient strength and clearness of mind and memory, to know, in general, without prompting, the nature and extent of the property of which he is about to dispose, and nature of the act which he is about to perform, and the names and identity of the persons who are to be the objects of his bounty, and his relation towards them. He must have sufficient mind and memory to understand all of these facts, and to comprehend these elements in their relation to each other; and a charge, in negative form that capacity is lacking if testator is not able to know all of these facts, is erroneous, since he lacks capacity if he is unable to understand any one of them. He must be able to appreciate the relations of these factors to one another, and to recollect the decision which he has formed."

This legal standard can be broken down into three elements of testamentary capacity. The testator must comprehend:

(1) "the extent and nature of the estate;"

(2) "the identity of the beneficiaries and their relationship, whether by blood or circumstances, to the testator;" and

(3) "the nature of the testamentary act, that it is a disposition of property to take effect at death." 1 Bowe–Parker: Page on Wills, supra, p. 608.

Additionally, Wyoming follows the general rule that a person is presumed to be sane and to possess testamentary capacity. *In re Faragher's Estate*, Wyo., 367 P.2d 972 (1962). The will contestants have the burden to show by a preponderance of the evidence that there is testamentary incapacity, unless previous incompetency of the testator has been shown or admitted. *In re Morton's Estate*, supra, 428 P.2d at 729.

■ Since no previous incompetency of Obra was shown, the lack of testamentary capacity that appellants claim hinges on what importance to give a statement in the Vialpando affidavit:

"Prior to July, 1984, Carl D. Obra called me and stated that all of his relatives were deceased and that he had nobody to leave his property and to pick up his will as it was no good anymore. Mr. Obra appeared to believe his relatives to be all deceased, and I believed that he had no living relatives. I later learned that he had living relatives."

However, this statement does not touch on the dispositive issue of testamentary capacity. Clearly, Obra was either mistaken or estranged by inattention.[9] Such a mistake, if it were a mistake, uncoupled with any other irregularities such as false representations, *In re Holmes' Estate*, 98 Colo. 360, 56 P.2d 1333, 1335 (1936), or evidence that the conception was an insane delusion, *York v. Smith*, Fla.App., 385 So.2d 1110, 1111 (1980); 1 Page on Wills, supra, § 13.11; Comment, *Proof and Effect of Mistake as to the Provisions of Wills*, 38 Mo.L.Rev. 48 (1973), does not mean testamentary capacity is lacking. About all that the record actually reveals is that the decedent changed his will by deletion of relatives and the substitution of a person, among others also considered, with whom a present acquaintanceship was maintained.

## UNDUE INFLUENCE

■ Appellants additionally contested the will on an undue-influence basis. The three elements of undue influence are: (1) opportunity to control; (2) a condition permitting subversion; and (3) activity on the part of the person charged. *In re Draper's Estate*, Wyo., 374 P.2d 425, 431 (1962). Clear proof of undue influence is required to render a will voidable. *Matter of Estate of Wilson*, Wyo., 397 P.2d 805, 809 (1964), reh. denied 399 P.2d 1008 (1965); *In re Draper's Estate*, supra, 374 P.2d at 431.

Appellants presented no evidence demonstrating undue influence by Wilson on decedent. The record may indicate only an

---

**9.** There is an old axiom nurtured in practical realism: "If you want the old codger to remember you by will, keep in close touch," for in fact, as with older ages of relatives, "absence does not make the heart grow fonder." Attention, as the elderly have little else, may not be something—it is near everything.

opportunity: one with which Mr. Vialpando, the affiant, was also involved, at least initially. More than an opportunity is needed to prove undue influence. *Matter of Estate of Wilson, supra; In re Draper's Estate, supra.* Obra had retired from his job with Ms. Wilson over four years prior to executing the second will, and, although the depositions reflect they had remained friends, actual demonstration of undue influence is not shown.

Chief Justice Blume in *In re Nelson's Estate*, 72 Wyo. 444, 266 P.2d 238, 246 (1954), sums up what apparently was appellants' primary concern in this case: the fact that the property was not left to a family member:

"* * * Next of kin and relatives, no matter how near they may be, cannot be said to have any natural right to the estate of the testator which can be asserted against the legally executed will of the latter."

We conclude that no genuine issue of material fact exists in relation to appellants' claim of lack of capacity and undue influence. *Hurst v. State*, Wyo., 698 P.2d 1130 (1985).

Finding the summary-judgment irregularity waived, and in any event finding no prejudice to the appellants, we affirm.