Ron SMITH and Sandra Smith,
Appellants (Plaintiffs),

v.

Gordon ENSLEY, Les Tanner, and Neo-
sho Construction Company, Inc., a Wy-
oming for Profit Corporation, Appel-
lees (Defendants).

No. 87–217.

Supreme Court of Wyoming.

April 21, 1988.

Philip P. Whynott, Cheyenne, for appel-
lants.

J.N. Murdock of Reeves & Murdock, Cas-
per, for appellees.

Before BROWN, C.J., and THOMAS,
CARDINE, URBIGKIT and MACY, JJ.

URBIGKIT, Justice.

This is a worker's injury tort case involving summary judgment granted to the co-employees of the injured employee on alleged culpable negligence, and to the employer on constitutional and statutory-immunity bases. Appellants, employee and his wife, claiming loss of consortium, raise the issues:

"SUMMARY JUDGMENT SHOULD NOT HAVE BEEN GRANTED AGAINST THE APPELLANTS BECAUSE THE MATERIAL FACTS CONCERNING CULPABLE NEGLIGENCE WERE AT ISSUE AND SUMMARY JUDGMENT SHOULD NOT HAVE BEEN GRANTED FOR THE APPELLEES AS A MATTER OF LAW."

We affirm.

Appellant Ron Smith was injured on the evening of January 25, 1984, while performing maintenance work on a large rock crusher at the quarry site operated by Neosho Construction Company, Inc. (Neosho) in Niobrara County, Wyoming. The rock crusher, one of only two in the United States, consists of a pitman and a feeder. Basically, the pitman involves two plates or jaws that converge to crush the rock once the feeder "feeds" the opening through a chute above the plates. When the machine is not operating, a rectangular opening is left between the plates with a lip off one side of the opening but not the other. Because of the abrasive nature and hardness of rock, the plates would fatigue and sometimes crack, therefore requiring "hard surfacing" (lines of welding) as a preventative measure to be done on a nightly basis to maintain the machine and the chute. To accomplish the hard surfacing, the crusher is turned off, a piece of angle iron placed across the opening for support, and a wooden plywood platform is placed on top of the iron, upon which workers stand to weld.

On the night of the injury, Smith and another worker were assigned this task, but found that the angle iron at the machine was not available as it had fallen through the plates and had been bent up in machine operation and was unusable. Approximately one-eighth of a mile away, at the operation shop, other pieces of angle iron could have been obtained for use. Unfortunately, for reasons of inconvenience, the two employees decided against going that short distance for the replacement support, and elected to rest the unsupported platform across the opening, without the underlying bar for support. When another worker stepped onto the platform with Smith to begin the welding, it collapsed from the weight and dropped Smith down the machine to ground level. As a result of this fall, Smith was severely injured and now has a residual back injury.

Smith and his wife Sandra sued Ensley, the night superintendent, and Tanner, the night maintenance foreman, claiming co-employee culpable negligence,[1] and Neosho by allegation of employer work-site negligence.[2]

The employer, Neosho, was granted summary judgment based upon the affidavit of the director of the Worker's Compensation Division of the State of Wyoming attesting to the fact that Neosho was not delinquent in fund contributions. Subsequently, Ens-

---

1. The present statutory scheme does not allow co-employees' suits for culpable negligence. However, the governing provision in the Worker's Compensation Act are the ones in force at the time of the injury. *Wessel v. Mapco, Inc.,* Wyo., 752 P.2d 1366, n. 3 (1988); *Swasso v. State ex rel. Worker's Compensation Division,* Wyo., 751 P.2d 887 (1988); *State ex rel. Director, Worker's Compensation Division v. Tallman,* Wyo., 589 P.2d 835 (1979). Consequently, § 27–12–103(a), W.S.1977 provided:
 "The rights and remedies provided in this act [§§ 27–12–101 through 27–12–804] for an employee and his dependents for injuries incurred in extra hazardous employments are in lieu of all other rights and remedies against any employer making contributions required by this act, or his employees acting within the scope of their employment unless the employees are culpably negligent, but do not supersede any rights and remedies available to an employee and his dependents against any other person."

2. Neosho was sued in a complaint alleging lack of employer immunity due to failure to comply with the Worker's Compensation statutes. Facts to justify this allegation are not to be found in the record.

ley and Tanner were granted summary judgment by rejection of any factual basis for the culpable-negligence claims. From that dispository summary judgment, this appeal followed.

The standards to be followed concerning the review of summary judgment are well established in the six-stage analysis in *Cordova v. Gosar*, Wyo., 719 P.2d 625, 634 (1986). See also *Wessel v. Mapco, Inc.,* supra; *Matter of Estate of Obra*, Wyo., 749 P.2d 272 (1988); *Williams v. Blount,* Wyo., 741 P.2d 595, 596 (1987). The six stages are:

"1. Legal sufficiency of the complaint.

"2. Procedural sufficiency of the motion for summary judgment and attached affidavits and deposition material.

"3. Substantive sufficiency of the affidavits to initially support the motion.

"4. Procedural sufficiency of responsive affidavits.

"5. Substantive legal issue disposition.

"6. Substantive sufficiency of responsive affidavits." *Matter of Estate of Obra*, supra, 749 P.2d at 274, quoting from *Davenport v. Epperly*, Wyo., 744 P.2d 1110, 1112 (1987), and *Cordova v. Gosar*, supra, 719 P.2d at 634.

In determining the propriety of any summary judgment, this court examines the record in the light most favorable to the respondent, giving him all inferences which can properly and reasonably be drawn from the evidence. *Wessel v. Mapco, Inc.,* supra; *Cordova v. Gosar*, supra, 719 P.2d at 640; *Rompf v. John Q. Hammons Hotels, Inc.,* Wyo., 685 P.2d 25 (1984).

This case involves a stage six analysis—substantive sufficiency of responsive affidavits—since Ensley and Tanner initially adequately supported their nonliability summary judgment with motion affidavits stating that both believed that the use of the work platform in conjunction with the angle-iron support was a safe and required process. Smith, in response, offered the depositions of all the parties, plaintiffs' answers to interrogatories propounded by defendants, and the affidavit of Schooley "Stu" Wilcoxon as an expert on mine safe-

ty and training to rebut the lack of genuine material fact of culpable negligence.

In *Barnette v. Doyle*, Wyo., 622 P.2d 1349, 1362 (1981), this court first defined culpable negligence as "willful and serious misconduct." We were called upon in *Bryant v. Hornbuckle*, Wyo., 728 P.2d 1132, 1136 (1986) to more fully refine the concept by citing Prosser and Keeton on Torts, § 34 (5th ed. 1984):

"In order to prove that an actor has engaged in willful misconduct, one must demonstrate that he acted with a state of mind that approaches intent to do harm."

For further recent discussions of culpable negligence, see *Kilburn Tire v. Meredith*, Wyo., 743 P.2d 874, 877 (1987); *Pace v. Hadley*, Wyo., 742 P.2d 1283, 1285 (1987); *Stundon v. Sterling*, Wyo., 736 P.2d 317, 318 (1987); and *Bettencourt v. Pride Well Service, Inc.,* Wyo., 735 P.2d 722, 729 (1987).

After our review of the entire record, giving respondent every favorable and reasonable inference from the material, it is still abundantly clear that there is no evidence of culpable negligence. Further, the Wilcoxon affidavit, upon which appellants strongly rely, is wholly conclusory and lacks specific facts, and therefore it does not meet the burden of showing that there is a genuine issue of material fact as to culpable negligence. See *Matter of Estate of Obra*, supra, 749 P.2d at 274; *Stundon v. Sterling*, supra, 736 P.2d at 318; *Cordova v. Gosar*, supra, 719 P.2d at 636.

Culpability cannot be assessed against the supervisor or co-employee from the injured employee's negligence in self-protection on disregard of work standards in the absence of defendants' actual knowledge or opportunity to correct by supervision. *Stundon v. Sterling*, supra. Plaintiff failed in response to summary judgment to demonstrate facts in regard to either knowledge or opportunity to require correction which could establish a viable issue addressing a basis for their liability. *Bettencourt v. Pride Well Service, Inc.,* supra. The record is devoid of evidence that this accident would have occurred if the bar had been used. Likewise, the defend-

ant co-employees had no part in the injured employee's decision to gamble against usage and forego securing another bar as a foundation support for his work platform. Consequently, it was proper for the trial court to grant summary judgment to the co-employees. *Bryant v. Hornbuckle,* supra.

 It is unclear from the issues as framed by appellants whether the summary judgment granted to Neosho, the employer, is being appealed, since nothing in appellant's brief pertains to that aspect of the summary judgment order.

> " * * * It is not enough in presenting an appeal in this court to identify a potential issue, but, at a minimum, the appellant should make some attempt to relate the law to the facts. *Elder v. Jones,* Wyo., 608 P.2d 654, 660 (1980)." *Hance v. Straatsma,* Wyo., 721 P.2d 575, 577 (1986).

Since the issue is supported by no argument or authority, we decline to address the matter. *Kipp v. Brown,* Wyo., 750 P.2d 1338 (1988); *Jones Land and Livestock Co. v. Federal Land Bank of Omaha,* Wyo., 733 P.2d 258, 265 (1987); *Trout v. Wyoming Oil & Gas Conservation Commission,* Wyo., 721 P.2d 1047, 1053 (1986); *Hance v. Straatsma,* supra, 721 P.2d at 577; *Pelagatti v. Cohen,* Pa.Super, 536 A.2d 1337, 1341 (1987). Obviously, if there is worker's compensation coverage in effect, the employee cannot sue the employer for negligence contendably arising from an employment-related injury. *Baker v. Wendy's of Montana, Inc.,* Wyo., 687 P.2d 885 (1984).

Since the record is devoid of any evidence of culpable negligence, we find that summary judgment in favor of the co-employees was appropriate. The propriety of the summary judgment granted to the employer, not addressed in brief, will not be further addressed in denied appeal.

Affirmed.