**Terry G. CALKINS, Appellant (Plaintiff),**

v.

**Gerald D. BOYDSTON; and Marinell Boydston, individually, Appellees (Defendants).**

**No. 89–278.**

Supreme Court of Wyoming.

Aug. 29, 1990.

Terry W. Mackey, Cheyenne, for appellant.

Kathryn A. Jenkins and Stephen H. Kline, Cheyenne, for appellees.

Before CARDINE, C.J., and THOMAS, URBIGKIT, and MACY, JJ., and BROWN, Ret. J.

BROWN, Justice, Retired.

Appellant Terry G. Calkins brought this action in the trial court against appellees Gerald Boydston and Marinell Boydston for injuries suffered when his leg was caught in the drive shaft of a pump unit. At the time of the injury appellant and appellees were working for Boydston and Franzen Well Service, Inc., a Wyoming corporation. In his complaint, appellant charges his co-employees with culpable negligence. The trial court granted appellees' motion for a summary judgment.

In the single issue on appeal, appellant states:

The trial court erred in granting summary judgment to the Appellees, because there was a genuine issue as to a material fact; and the case should have been submitted to a jury.

We affirm.

Boydston and Franzen Well Service, Inc., performs well service work for oil companies. Marinell Boydston was the secretary-treasurer of the company since its incorporation in 1959 and was primarily responsible for handling the day-to-day paperwork in the office. She was not involved in supervising the employees in the field or inspecting the equipment and, although she kept the records of OSHA inspections and distributed OSHA regulations to the tool pushers, she was not involved in OSHA inspections. Gerald Boydston, son of Marinell Boydston, became president of Boydston and Franzen less than two weeks before appellant was injured. For eight years before becoming president, he was employed by Shell Chemical Company in Norco, Louisiana and had no connection with Boydston and Franzen.

Appellant was employed by Boydston and Franzen in 1977 as a derrick hand and by 1986 had worked his way up to operator. On February 8, 1986, appellant was oiling a running pump truck when his right leg was caught in the drive shaft, causing serious injury. Appellant had used the pump truck on which he was injured "off and on" since he first went to work for Boydston and Franzen. Although he had told the Boydstons the pump needed to be replaced because it was old and worn out, he never told them the drive shaft was unguarded nor did he tell them he thought the pump was unsafe. Neither did the other employees ever tell the Boydstons the drive shaft was unguarded or the pump was dangerous. Before the accident, appellant never thought the pump was unsafe; therefore, he did nothing to correct the condition of the pump.

There is no evidence that either Marinell or Gerald Boydston had actual knowledge that the pump was unguarded. Gerald Boydston, although employed at Boydston and Franzen only a short time, visited the well where the injury occurred a few days before the accident. He did not observe the pump or the unguarded shaft before the accident, and he never heard any complaints about the pump being unsafe. The complaints about the pump had nothing to do with the drive shaft or safety of the pump but instead concerned the general operation of the pump and the need to replace it with a newer model.

In his complaint against appellees, appellant alleges culpable negligence. A summary judgment in favor of appellees was granted by the court and this appeal followed.

In *Boehm v. Cody Country Chamber of Commerce*, 748 P.2d 704, 710 (Wyo. 1987), this court said:

A motion for summary judgment places an initial burden on the movant to make a prima facie showing that no genuine issue of material fact exists and that summary judgment should be granted as a matter of law. Rule 56(c), Wyoming Rules of Civil Procedure. Once a prima facie showing is made, the burden shifts to the party opposing the motion to present specific facts showing that a genuine issue of material fact does exist. *England v. Simmons*, Wyo., 728 P.2d 1137, 1140–1141 (1986). We analyze challenges to a grant of summary judgment by reviewing the record in a light most favorable to the party opposing the motion giving him all favorable inferences that can be drawn from the facts. *Id.* Conclusory statements or mere opinions are insufficient, however, to satisfy an opposing party's burden. *Jones Land and Livestock Co. v. Federal Land Bank of Omaha*, Wyo., 733 P.2d 258, 263 (1987).

Generally, summary judgment is not appropriate in simple negligence cases, *O'Don-* *nell v. City of Casper*, 696 P.2d 1278, 1280 (Wyo.1985), because the trier of fact must determine whether an actor's conduct was reasonable under the circumstances. Culpable negligence, however, involves more than unreasonable conduct; it involves willfulness and when a party fails to raise a genuine issue of material fact on this element, summary judgment is appropriate. *Bryant v. Hornbuckle*, 728 P.2d 1132, 1137 (Wyo.1986).

Under the worker's compensation statute in effect at the time appellant was injured, W.S. 27–12–103(a) (1977),[1] an employer and his employees acting within the scope of their employment were immune from suit for injuries incurred by a fellow employee unless they were culpably negligent. In construing that language, this court held that culpable negligence is willful misconduct such as is done purposely, with knowledge or with reckless disregard of the consequences and that misconduct arising from a thoughtless, heedless or inadvertent act or an error in judgment does not constitute culpable negligence. *Barnette v. Doyle*, 622 P.2d 1349, 1362 (Wyo.1981).

In *Barnette*, the trial court's finding of culpable negligence was affirmed on the basis of evidence demonstrating that an employee told the defendant he was concerned for his safety because the emergency brake on one of the vehicles did not work. The court's finding of culpable negligence was based on defendant's knowledge that the vehicle was unsafe and yet he purposely refused to fix it.

Since *Barnette*, this court has addressed the issue of culpable negligence on several occasions and consistently affirmed summary judgments in favor of co-employees on the issue of culpable negligence in the absence of evidence demonstrating actual knowledge or willfulness on the part of the defendant. *Baros v. Wells*, 780 P.2d 341 (Wyo.1989); *Stephenson v. Pacific Power & Light Company*, 779 P.2d 1169 (Wyo. 1989); *Case v. Goss*, 776 P.2d 188 (Wyo. 1989); *Poulos v. HPC, Inc.*, 765 P.2d 364

---

1. W.S. 27–12–101 through W.S. 27–12–805 (1977) repealed by Wyo.Sess.Laws, ch. 353; re-enacted as W.S. 27–14–104 et seq.; amended by 1989 Wyo.Sess.Laws, ch. 161; presently cited as W.S. 27–14–104, et seq. (Cum.Supp.1990).

(Wyo.1988); *Johnston v. Conoco, Inc.*, 758 P.2d 566 (Wyo.1988); *Smith v. Ensley*, 752 P.2d 1374 (Wyo.1988); *Stundon v. Sterling*, 736 P.2d 317 (Wyo.1987); *Bettencourt v. Pride Well Service, Inc.*, 735 P.2d 722 (Wyo.1987); *Bryant*, 728 P.2d 1132. In *Stephenson*, this court upheld an order awarding summary judgment to three co-employees on the issue of culpable negligence despite their admission that they had knowledge of the hazardous condition which caused injury to the plaintiff. We stated: "[T]he co-employee appellees may not have fulfilled their duty to provide appellant with a safe working environment but that the breach of this duty was a matter of negligence at most, and appellant failed to present evidence of culpable negligence." *Stephenson*, 779 P.2d at 1175.

In *Baros*, 780 P.2d at 345, the court again upheld a summary judgment in favor of a co-employee stating: "Even if we were to agree that this activity was extremely dangerous, that does not equate to culpable negligence. There is nothing in the record to indicate that Wells anticipated or realized the serious nature of the risk involved or that he willfully disregarded such risk."

In *Poulos*, the award of summary judgment was upheld in favor of two co-employees on the ground that the evidence failed to demonstrate a state of mind consistent with culpable negligence. Relying heavily on evidence of OSHA violations in that case, appellant filed a wrongful death action alleging that several of her son's co-employees were culpably negligent. This court said that evidence of OSHA violations, while perhaps sufficient to demonstrate ordinary negligence, was insufficient to demonstrate culpable negligence. *See also Stundon*, 736 P.2d 317.

In a case involving a culpable negligence claim against ten co-employees, the court upheld summary judgment for five production department employees despite the appellant's argument that they were responsible for safety, were aware of the accumulation of grease and should have taken action to correct it. *Case*, 776 P.2d at 188. The court found that "their supervisory actions relating to [the appellant] were pas-sive, encompassing only a general duty to supervise and maintain a safe workplace" and did not constitute action making it highly probable that harm would follow or a state of mind approaching an intent to harm. *Id.*, 776 P.2d at 194. The court also affirmed the trial court's award of summary judgment in favor of the company's mine manager who was primarily responsible for overseeing the development of safety procedures and safety training. The court held that the evidence did not reflect the required state of mind or reckless disregard and concluded that the co-employees' mere failure to rectify the condition before the appellant's injury did not create a genuine issue of material fact on the question of culpable negligence. *Id.* at 195.

In *Bryant*, this court affirmed a summary judgment in favor of a co-employee where the injured employee, at the direction of the defendant, used a butane torch to thaw a tank valve on a truck containing petroleum residue. The fumes from the tank ignited, an explosion occurred and the employee was severely burned. The evidence produced in support of the motion for summary judgment was that the defendant was conforming to an industry standard, that he himself used the butane torch method for thawing frozen water valves, that he was not aware of other such incidents and that he did not anticipate or expect an explosion. This court found such evidence sufficient to establish a prima facie case that there was no culpable negligence and to warrant summary judgment if unrefuted. We stated: "The harmful consequences were unknown to him; the risk was not obvious; it was not highly probable that harm would follow. Consequently, the burden of establishing a genuine issue of material fact shifted to appellant." *Bryant*, 728 P.2d at 1136. The evidence produced in opposition to the motion for summary judgment showed only that the danger of the butane torch procedure was widely known in the industry. It did not show that the defendant actually knew that an explosion was highly probable or that a high probability of an explosion was obvious.

If appellant in this case is to avoid a summary judgment, he must come forth with evidence that Gerald and Marinell Boydston had actual knowledge that the pump was unguarded and that their failure to provide a guard was done willfully. It is not sufficient for appellant to show that the Boydstons' failure to maintain the pump in a safe condition was careless, inadvertent or an error in judgment. *Barnette,* 622 P.2d 1349. It is not sufficient for appellant to show that in failing to place a guard on the drive shaft the Boydstons violated OSHA regulations, breached a duty to provide a safe workplace or acted ineffectually or unreasonably. *See Poulos,* 765 P.2d 364; *Stephenson,* 779 P.2d 1169; and *Baros,* 780 P.2d 341. The case law is clear that appellant must show that the Boydstons knew of the risk of harm or that the risk was obvious and yet they willfully disregarded the risk. The evidence in the record fails to make such a showing.

Although the Boydstons may have been generally aware of the possibility of harm from unguarded drive shafts, there is no evidence that either of them knew the degree of danger presented by the particular pump on which appellant was injured. *Poulos,* 765 P.2d 364. The Boydstons were not aware of the dangerous condition at the pump; this circumstance is insufficient to create a genuine issue of material fact on the issue of willfulness. *Case,* 776 P.2d at 194. Even assuming that they failed to fulfill their duty to provide appellant with a safe working environment, the breach of that duty is a matter of negligence at most and not a matter of culpable negligence. *Stephenson,* 779 P.2d 1169. The Boydstons did not know the pump was in a dangerous condition, they did not purposely refuse to fix it, they had no reason to expect that it would cause harm, and they did not evidence a state of mind approaching an intent to do harm. Given the lack of evidence to the contrary, the trial court was correct in granting summary judgment in favor of the Boydstons.

Affirmed.